State v. Underwood.

———◄◦•◦►———

STATE OF MISSOURI, Defendant in Error, *v.* JOHN C. UNDER-WOOD, Plaintiff in Error.

1. *Crimes—Malicious Trespass—Evidence.*—Upon the trial of an indictment for unlawfully and maliciously taking down and removing a house, evidence that the defendant removed the house at the request of one who occupied and had apparent control of the premises is admissible to rebut the malicious intent. (R. C. 1855, p. 584.)
2. *Crimes—Malicious Trespass.*—Although the defendant may have taken down and moved a dwelling-house without authority, a malicious intent must be proven, and is not to be presumed from the want of authority.

*Error to Newton County Circuit Court.*

The court, on motion of the plaintiff by its attorney, gave the following instructions:

1. The court instructs the jury, that, if they believe from the evidence that the defendant pulled down and removed the dwelling-house of Joseph Wood without authority, such act of pulling down and removing said house is of itself sufficient proof, in the absence of any rebutting testimony, to show that said house was pulled down and removed maliciously and wilfully.

2. That if the jury find the defendant guilty they will assess as a punishment imprisonment in the county jail not exceeding one year, or a fine of not more than five hundred dollars and not less than one dollar, or by both such fine and imprisonment.

To the giving of which said instructions the defendant then and there excepted.

The defendant asked the following instruction, which was refused:

1. The court instructs the jury, that, unless they believe from the evidence that the defendant wilfully and maliciously pulled down a dwelling-house, or severed therefrom the material out of which the same was made, or defaced the doors or windows thereof, as charged in the indictment, the property of Joseph Wood, within one year next preceding the finding of the indictment in this cause, in Newton county, State of Missouri, they will find the defendant not guilty.

*Jas. F. Hardin,* for plaintiff in error.

LOVELACE, Judge, delivered the opinion of the court.

This is an indictment against the defendant for pulling down and moving a dwelling-house, alleged to belong to one Joseph Wood. The evidence showed that the defendant pulled down the house and moved it into the town of Neosho, and there put it up and was using it; that Wood's family had moved out of the house some months before it was moved, and that no person was occupying it at the time.

The defendant then offered to prove that Joseph Wood had left the neighborhood about a year and a half before the house was moved; that when he went away he left his wife and family in the house; that, several months before the house was moved, Woods' wife and family left, and left the witness living in the house, and that Woods' wife told the witness to do what he thought best with the house, and that she (witness) continued to live in the house, and then left it and told the defendant to move it into town.

This evidence was excluded by the court. The error consists in excluding this evidence and in misdirecting the jury as to the law. The evidence of this witness ought to have been admitted. It certainly went very far towards disproving malice on the part of defendant. The witness was left in possession by Woods' family, and the defendant might very innocently suppose that he had the right to control the house; and, so far from acting maliciously, he may have supposed he was doing Woods a favor by removing the house.

The first instruction given on the part of the State was wrong. It is based upon the idea that the defendant acted without authority in removing the house; that his act was necessarily malicious. This is by no means true. He may have acted without authority officiously, and yet with the best intentions in the world. He may have been intending all the while to preserve the property for Woods' benefit.

The first instruction asked by the defendant properly set out the law on this subject and ought to have been given.

On account of these errors, the judgment will be reversed and the cause remanded for further trial. The other judges concur.